UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SCHWARTZ SIMON
EDELSTEIN & CELSO LLC
100 South Jefferson Road
Suite 200
Whippany, New Jersey 07981
(973) 301-0001
Attorneys for Defendants,
Neil Kuperman, Evan Kuperman
and Galaxy Nyack, Inc., d/b/a
Rockland Toyota

| | |
|---|---|
| Richard M. Zelma,<br><br>    Plaintiff,<br><br>v.<br><br>Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services, Neil Kuperman, Evan Kuperman and Galaxy Nyack, Inc., d/b/a Rockland Toyota and DOES' (1-5) and ABC CORPORATIONS' (1-5); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP,<br><br>    Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

TO:   THE CLERK AND THE HONORABLE JUDGES
       OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY, NEWARK VICINAGE

Defendants, Neil Kuperman, Evan Kuperman and Galaxy Nyack, Inc., d/b/a Rockland Toyota (hereinafter collectively "Defendants"), hereby give notice to the Court, pursuant to 28

U.S.C. §1441, of the removal of this action, captioned as <u>Richard M. Zelma v. Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services, Neil Kuperman, Evan Kuperman and Galaxy Nyack, Inc., d/b/a Rockland Toyota and Does' (1-5) and ABC Corporations' (1-5); Each Acting Individually, In Concert or as a Group</u>, Docket No. BER-L-1027-13 (hereinafter "State Action"), from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey. Removal of this matter from the Superior Court of New Jersey to the United States District Court is proper for the reasons set forth below:

1. On or about March 28, 2013, Defendants were served with the Summons and First Amended Complaint ("Complaint") in the State Action. <u>See</u> copies of the Summons and Complaint attached hereto as Exhibit A.

2. Plaintiff, Richard M. Zelma (hereinafter "Plaintiff"), contends that Defendants violated the provisions of 47 <u>U.S.C</u> §227(b)(1)(B), by the unlawful use of automated telephone dialing equipment under their ownership, employment, direction and/or control. <u>See</u> Exhibit A, Paragraph 70.

3. Plaintiff contends that Defendants violated <u>N.J.S.A.</u> §56:8-119 by not registering their intent to solicit into the State, specifically to Plaintiff, thereby violation New Jerseys no-call-law. <u>See</u> Exhibit A, Paragraph 83.

{00607733; 1}  2

4. Plaintiff contends that Defendants knowingly or willfully violated 47 U.S.C. §227 (b), which entitles Plaintiff to treble damages, as provided by statute, up to $1,500.00, for each and every violation of the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C). See Exhibit A, Paragraph 90.

5. Plaintiff asserts that because Defendants' actions were willful or knowing, as they were fully aware of the proscriptions against them for the use of prerecorded telemarketing messages or any sales calls to Plaintiff, Plaintiff is entitled to Punitive Damages, pursuant to N.J.S.A §2A:15-5.11. See Exhibit A, Paragraph 96.

6. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over all state and common law claims asserted in the Complaint by Plaintiff as those claims are so related to the federal claims that they form part of the same case.

7. Defendants are entitled to seek removal of this matter, pursuant to 28 U.S.C. §1446(b), as this Notice of Removal has been filed within thirty (30) days of service of the Summons and Complaint in the State Action.

8. The State Action is a civil action of which the District Courts of the United States have original jurisdiction by virtue of federal question jurisdiction granted by 28 U.S.C. §1331.

9. 28 U.S.C. §1331 states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

10. Moreover, all known Defendants consent to removal of this matter.

11. This matter is therefore properly removed to this Court, pursuant to 28 U.S.C. §1441(a). Venue is proper in the Newark Vicinage, as the claims asserted by Plaintiff in this matter allegedly arose in Norwood, New Jersey.

12. Accordingly, this matter should be removed to the United States District Court for the District of New Jersey by virtue of the provisions of 28 U.S.C. §1441(a) and 28 U.S.C. §1446(b).

13. Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal has been given to all parties involved in the State Action and has been filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

14. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, and do not concede that Plaintiff has asserted any claims against Defendants upon which relief may be granted.

**WHEREFORE**, Defendants respectfully give notice to this Court of the removal of the State Action from the Superior Court of New Jersey, Law Division, Bergen County, to the United States

District Court for the District of New Jersey, Newark Vicinage.

                SCHWARTZ SIMON
                EDELSTEIN & CELSO LLC
                Attorneys for Defendants,
                Neil Kuperman, Evan Kuperman
                and Galaxy Nyack, Inc., d/b/a
                Rockland Toyota


            By: */s/ Stefani C Schwartz*
                STEFANI C SCHWARTZ

Dated: April 26, 2013