**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SCHWARTZ SIMON
EDELSTEIN & CELSO LLC
100 South Jefferson Road
Suite 200
Whippany, New Jersey 07981
(973)301-0001
Attorneys for Defendants,
Neale Kuperman, Evan Kuperman and
Galaxy Nyack, Inc., d/b/a Rockland Toyota

| | |
|---|---|
| Richard M. Zelma, | Civil Action No. 2:13-cv-02698-ES-SCM |
| Plaintiff, | |
| v. | *Electronically Filed* |
| Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services, Neil Kuperman, Evan Kuperman and Galaxy Nyack, Inc., d/b/a Rockland Toyota and DOES' (1-5) and ABC CORPORATIONS' (1-5); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP, | **CERTIFICATION OF STEFANI C SCHWARTZ** |
| Defendants. | |

Stefani C Schwartz, Esq., of full age, hereby certifies as follows:

1.      I am an attorney-at-law of the State of New Jersey and a member of the law firm

of Schwartz Simon Edelstein & Celso LLC, attorneys for Defendants, Neale Kuperman

(*improperly pleaded* as Neil Kuperman), Evan Kuperman and Galaxy Nyack, Inc., d/b/a

Rockland Toyota (hereinafter collectively "Rockland Defendants"), in this litigation.

2.      I make this Certification in support of Rockland Defendants' Opposition to Plaintiff, Richard M. Zelma's ("Plaintiff"), Motion to Remand.

3.      Annexed hereto as Exhibit A is a copy of Plaintiff's Amended Complaint, which was filed with the Superior Court of New Jersey, Bergen County on or about March 28, 2013.

4.      Annexed hereto as Exhibit B is a copy of an electronic mail exchange, dated April 26, 2013, between Defendants' counsel regarding Defendant, Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services' ("TFS") consent to Rockland Defendants removal to District Court.

5.      Annexed hereto as Exhibit C is a copy of the Notice of Removal filed by Rockland Defendants on April 26, 2013.

6.      Annexed hereto as Exhibit D is a copy of the Lawyers Service Proof of Delivery of the Notice of Removal documents to TFS' counsel, Kelly A. Lavery, Esq.

7.      Annexed hereto as Exhibit E is a copy of an unpublished United States District Court for the District of New Jersey opinion, Estate of Dean v. New Jersey, 2012 U.S. Dist. LEXIS 72761 (2012).

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


/s/  Stefani C Schwartz
STEFANI C SCHWARTZ

Dated: June 17, 2013

# EXHIBIT A

SUPERIOR COURT BERGEN COUNTY
FILED

MAR 28 2013

DEPUTY CLERK

1
2
3
4

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

5
6
7
8
9
10
11
12
13

| RICHARD M. ZELMA PLAINTIFF VS. TOYOTA FINANCIAL SERVICES AMERICAS CORPORATION, d/b/a TOYOTA FINANCIAL SERVICES and NEIL KUPERMAN and EVAN KUPERMAN and GALAXY NYACK INC., d/b/a ROCKLAND TOYOTA and DOES' (1-5) and ABC CORPORATIONS' (1-5); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP. DEFENDANTS' | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY LAW DIVISION DOCKET NO.: BER -L- 1027-13 Civil Action FIRST AMENDED COMPLAINT |
|---|---|

14

### I.    INTRODUCTION

15
16
17
18

1.    Plaintiff, Richard M. Zelma residing at 940 Blanch Avenue, Norwood, New Jersey, by way of first amended complaint, against Defendants' says as follows:

19
20
21
22
23
24
25
26
27

2.    This suit is brought pursuant to applicable authorities; 47 U.S.C. §227 (b)(3); (b)(5), 47 C.F.R. §§64.1200 & 1601 and N.J.S.A. §56:8-119 *et seq*, which prohibit the initiation of unsolicited marketing calls made by telephone, either live or prerecorded and initiated through the use of an Automated Dialing and Announcement Device (ADAD) or Automatic Telephone Dialing System (ATDS). As set forth herein, the Defendants repeated calls, made to Plaintiff's home, caused undue harassment, violated the peace and solitude of his home and violated federal **and** state no-call laws.

28

-1-

## II. PARTIES

3.     Richard M. Zelma (hereinafter, "Plaintiff"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648.

## III. DEFENDANTS

4.     Upon information and belief, Defendant Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services, (hereinafter "Toyota" or "Defendant") is a Corporation organized under the laws of The State of California, located at 19001 S. Western Ave., Torrance CA 90501 1106.

5.     Upon Plaintiffs information, understanding and belief, Defendant Toyota Financial Services is a financial arm of Toyota Motor Corporation, (TMC), marketing products and services for TMC through various media, including unsolicited telephone calls.

6.     Defendant Toyota may be served at CT Corporation Systems, 818 W Seventh ST. Los Angeles CA 90017.

7.     Upon information and belief, Defendant Galaxy Nyack, Inc., d/b/a Rockland Toyota (Hereinafter "Rockland Toyota", "the dealership", "dealer" or "Defendant") is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business located at 618 Route 303, Blauvelt, New York 10913.

8. .   Galaxy Nyack, Inc., d/b/a Rockland Toyota may be served at; National Registered Agents, Inc., 160 Greentree Dr. Ste 101, Dover DE. 19904.

9.     Upon information and belief, Defendant Neil Kuperman is a co-owner of defendant Rockland Toyota, controlling, directing and making the day-to-day operational decisions for his company.

-2-

10.   Defendant Neil Kuperman may be served at his place of business, 618 Route 303, Blauvelt, NY 10913.

11.   Upon information and belief, Defendant Evan Kuperman is the son of defendant Neil Kuperman and co-owner of defendant Rockland Toyota, controlling, directing and making the day-to-day operational decisions for his company.

12.   Defendant Evan Kuperman may be served at his place of business, 618 Route 303, Blauvelt, NY 10913.

13.   Upon Plaintiffs information, understanding and belief, the Defendants' and each of them, own, operate, control, direct and use the services of their own call-center[s] or use the services of others similarly situated to initiate marketing calls that contain prerecorded messages.

## IV. JURISDICTION AND VENUE

14.   The facts giving rise to this complaint had their primary effect in the County of Bergen. This Court has specific jurisdiction over the Defendants under authority of 47 U.S.C. §227(b)(3) & (c)(5) and N.J.S.A. §56:8-119.

15.   This court has general jurisdiction where the Defendants' engaged in substantial, continuous and systematic activities, authorizing unwanted autodialed, prerecorded calls and initiating said calls into New Jersey and within this County, to Plaintiff, a resident whose phone numbers are registered on the Federal and States no-call list since inception and the controlling jurisdiction in which the violations occurred.

16.   As further set out below, the defendants' and each of them purposely directed their activities towards Plaintiff, deliberately, in a continually harassing manner, alarming and annoying his household for their own financial gain.

-3-

## V. ACTS OF AGENTS

17.   At all times alleged herein, each and every defendant was an agent, representative and/or employee of each and every other defendant. In doing or failing to do the acts stated herein, each and every defendant was acting within the course and scope of agency, authority, representation or employment and was acting with the consent, permission and authorization of each defendant including the DOE defendant's. All actions of each defendant as alleged and stated herein were ratified and approved by every other defendant, or their respective officers or managing agents,

## VI. BACKGROUND

18.   On or about July 22, 2008, Plaintiff leased a 2008 Toyota RAV4 from Rockland Toyota. During execution of the lease agreement, finance executive Bimi Masih ("Masih"), an employee of the dealership handed plaintiff a Privacy Notice, attached herewith and made a part hereof as **[EXHIBIT 1]**.

19.   The document speaks for itself stating in relevant part, that Toyota's marketing partners "*may perform services*", Masih stated the document sought consent for Plaintiff to be telemarketed.

20.   This document was a ruse, a surreptitious intent to gain Plaintiffs (express) consent to receive the defendant's telemarketing calls. Plaintiff, with his wife present, specifically instructed Mrs. Masih that they did not want any phone calls of any kind made to their home from any Toyota facility and refused to sign that document, subsequently withdrawing any implied or express consent to receive marketing calls. Mrs. Masih took the subject document and wrote across the signature area; "Refuse (sic) to sign". **Id.**

-4-

21.    Having instructed Mrs. Masih with the directive where Plaintiff did not want to receive any calls; *"from any Toyota facility"*, would, by any reasonable person, be understood to include entities under the Toyota umbrella, including Toyota Financial Services.

22.    No sooner did the ink dry on those documents, on July 25, 2008, Plaintiff received a "courtesy" call at 9:00 PM at night from a company later identified as Synovate, claiming to be calling on behalf of Rockland Toyota, wanting to know Plaintiffs experience with the dealership, further stating it was the dealership who provided them Plaintiffs phone number.

23.    On July 26, 2008, Plaintiff, along with his wife, personally hand delivered a cease and desist letter to the dealership, addressed to the attention of Evan Kuperman, to which a copy attached herewith is made a part hereof as [EXHIBIT 2]

24.    Shortly thereafter and in response thereto, Evan Kuperman responded to Plaintiff by <u>telephone</u>, claiming among other things, it (the call) was an oversight.

25.    In April, 2011, as plaintiff's vehicle approached its lease-termination, Plaintiff started receiving phone calls with a Caller-ID name displayed as "BLOCKED." The incoming number displayed as; "800 SERVICE." Every call started with a prerecorded announcement which stated in relevant part;

> "We understand your Toyota vehicle is nearing its lease end and we at Toyota want you to know that we have many different programs to help you make a decision. We have great low interest loans allowing you to purchase your leased vehicle or purchase one of our wonderful new Toyota vehicles. Please stay on the line for an account representative to further assist you."

26.   On more then one occasion, immediately following the prerecorded announcement, the calls would drop with no opportunity to tell anyone not to call again. The prerecorded call[s] failed to include, other then "Toyota", any identification by name, such as the call-center name, where the caller was located and a real phone number to reach the caller. After each prerecorded announcement, if a live representative was connected, they would claim the purpose of the call was to help Plaintiff enter into a new lease or purchase a new vehicle.

27.   After repeated prerecorded calls, even telling live representatives not to call again, the calls continued. Plaintiff eventually called Toyota Customer Service to complain and was told the calls were to assist him in returning the vehicle. Despite Toyota's false, specious and misleading intent, not one of the defendant's calls, whether live or prerecorded, ever mentioned, offered or were designed to offer any assistance in the return of the vehicle. In fact, when specifically asking a "live caller" about returning the vehicle, the response was always; *"I don't have any information on that, you have to contact your dealer!"*

28.   On or about March 7, 2013, Plaintiff issued a Subpoena *deuces tecum* upon Defendant Neal (Neil) Kuperman, to produce documents required to be in his possession or control, that would demonstrate the dealer's obligation, meeting Plaintiffs July 22, 2008 and July 26, 2008 directive to share Plaintiffs previous no-call request with Toyota Financial, a copy of which is attached herewith and made a part hereof as [**EXHIBIT 3**].

29.   On March 18, 2013, defendant Evan Kuperman responded to that Subpoena via certified mail, claiming he had "no such documentation" along with a factually incorrect statement, claiming Plaintiff entered into a "private banking

-6-

relationship" with Toyota, a copy of which is attached hereto and made a part hereof as [**EXHIBIT 4**].

30.    The automotive industries record keeping standards as well as IRS Revenue Procedure 98-25, applicable to auto-dealerships, requires a dealership maintain copies of documents material to every transaction for at least 7 years, generally held within their "car jacket" or "deal jacket." Defendant Kuperman states he has no such documents.

## VII.  FACTS RELEVANT TO THE COMPLAINT

31.    Plaintiffs' phone number, [201] 767 8153 was listed with the Federal Trade Commission's national do-not-call list, since inception, effective, October 1, 2003. [16 C.F.R. 310 et seq]

32.    Plaintiffs' phone number, [201] 767 8153 was placed on the NO-CALL list administered by the State of New Jersey, since inception, effective May 17, 2004. [N.J.S.A. §56:8-119]

33.    Plaintiff received the defendants unlawful calls from April 25 through 27, 2011 to phone number [201] 767 8153.

34.    The defendants' own, operate and/ or maintains their own call center[s] or hires outside call-centers to market their services.

35.    The call-centers at issue take direction and control from the defendants.

36.    The defendants and/ or their call-centers own/ operate and use Automated Dialing and Announcement Devices. (ADAD)

37.    The defendants and/ or their call-centers own/ operate and use Automatic Telephone Dialing Systems (ATDS)

38.    The defendants and/ or their call-centers have used those systems and devices to contact consumers including Plaintiff regarding their products, goods or services.

-7-

39.     The Defendants initiated calls and prerecorded messages to Plaintiff's telephone regarding their products, goods or services and did so via an "automatic telephone dialing system," ("ATDS") and / or an Automated Dialing and Announcement Device. (ADAD) as defined by 47 U.S.C. §§227(a)(1)(A) & (B), in violation of and prohibited by 47 U.S.C. §227(b)(1)(B).

40.     The Defendants ADAD and/ or ATDS have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or a database of preprogrammed numbers.

41.     The defendants and/ or their call-centers purposely, willfully and knowingly programmed those devices described above with a spoofed caller ID name and number in violation of the Truth in Caller ID Act of 2010 and then used those devices to initiate their unlawful calls to Plaintiff, sending their false and misleading Caller ID.

42.     The defendants live callers refused to disclose their true identity, claiming they were not permitted to do so or implied they were actually Toyota.

43.     The Defendants structured their solicitations in a manner making them immune from detection and the resulting prosecution for systematic violations of the TCPA.

44.     The Defendant's scheme was organized by utilizing their own call-centers as well as seemingly independent entities and people, which in truth; actively work together as coordinated components of a single enterprise.

45.     47 U.S.C. §227(b)(1)(B) states in pertinent part that it shall be a violation of the TCPA for a telemarketer to make or initiate a prerecorded

advertising message to . . . any residential telephone line without the prior express consent of the called party..."

46.     The defendants and/ or their call centers used those systems and devices and initiated the unlawful calls to plaintiff between April 25 through 27, 2011.

47.     Plaintiff did not give the defendants Express Consent to initiate the calls at issue.

48.     Plaintiff expressly told an executive employee of the dealership that he did not want telemarketing calls made to his home as a result of the lease transaction and memorialized such request, reduced to writing and held by the dealerships executive, Bimi Masih.

49.     However, the dealership responding through subpoena claims no such papers exist. **Id.**

50.     From April 25 through April 27, 2011, the defendants solicited Plaintiff by initiating at least twelve (12) calls to his residential telephone line, [201] 767 8153, the exact to be sought through continuing discovery.

51.     The defendants do not have procedures in place to "effectively" prohibit unwanted calls as defined in an unnumbered paragraph under 47 U.S.C. §227 (c)(5).

52.     The foregoing deficiencies caused the defendants to initiate repeated unsolicited calls to plaintiff which evidence the absence of any "**effective**" no-call procedures.

## VIII.   VIOLATIONS OF LAW

53.     The Defendants' calls to Plaintiff's residential telephone line were solicitations and not made for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(B) and 47 C.F.R. §64.1200(a)(2)(i).

-9-

54.    Plaintiff severed the "established business relationship" with the Defendants at the commencement of the lease, July 22, 2008, by stating he did not want to be telemarketed, as defined by 47 C.F.R. §64.1200(f)(4)(i) **Id.**

55.    Plaintiffs directive to the dealerships finance manager of his unwillingness to be marketed by telephone and their subsequent failure to share that no-call request, falls within authority for violations of 47 <u>C.F.R.</u> §64.1200 (d)(5) which specifically states;

> **(5) *Affiliated persons or entities.*** In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

56.    The phone calls from the Defendants and/or their agents, as cited herein, were clearly marketing calls which violated 47 U.S.C. §§227(b)(1), 227(c)(3) and 47 C.F.R. §§ 64.1200(a)(1),(2) & (d)(5).

57.    The defendants' (April 2011) calls were purposely programmed to display "800 SERVICE" as well as "BLOCKED" on Plaintiffs Caller ID, and did so as described herein, thereby violating 47 C.F.R. §64.1601 (e)(1) & (2).

58.    The defendants initiated repeated unwanted calls to Plaintiffs residential phone, often, with multiple calls in one day, as demonstrated on Plaintiffs call detail records, a copy of which is attached herewith and made a part hereof as [**EXHIBIT 5**].

59.    Some of the calls cited above were prematurely abandoned, absent the requisite 2 second greeting/announcement in each such call, requiring "the

callers' true name" as appearing on the documentation for the State of incorporation and the reason for the call. [47 C.F.R. §§64.1200(a)(5)&(6) & (b)(1)].

60.    At all times material to this Complaint, acting alone or in concert with others, the Defendants had the authority and responsibility to prevent or correct the unlawful repeated calls but knowingly chose not to do so.

61.    Plaintiff did not provide Defendants or their agent[s] prior express consent to receive unsolicited calls to his telephone, pursuant to 47 U.S.C. §227 (b)(1)(A).

62.    The Defendants used an automated dialing and announcement device (ADAD) or an Automatic Telephone Dialing System (ATDS) to solicit Plaintiff and did so from April 25 thru April 27, 2011, in violation of 47 U.S.C. §227(b)(1)(B).

63.    At all times relevant, the Defendants willfully or knowingly made the unlawful calls at issue to Plaintiff; initiated or caused the initiation of those unlawful calls to Plaintiff; and delivered said unlawful calls to Plaintiff which were purely commercial in nature to benefit the Defendants' own financial gain.

64.    The Defendants failed or refused to register their intent to call into the State with the New Jersey Division of Consumer Affairs, as authorized under [N.J.S.A. §§56:8-121(a)(&(b)]

65.    The Defendants are therefore liable along with the currently unnamed Doe Defendants, under the terms of 47 U.S.C. §227(b)(3); (c)(5) and N.J.S.A. §56:8-119.

## IX.  THIS COURT'S POWER TO GRANT RELIEF

66.    47 U.S.C. §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violations by the Defendants of any provision of law enforced by the FCC that protects Plaintiff.

67.    Plaintiff will suffer continual harassment along with substantial emotional distress and abuse that will annoy and alarm his household if the Defendants are permitted to continue to engage in their questionable practices, if Permanent Injunctive Relief is not granted.

68.    Accordingly, Plaintiff has a cause of action against the Defendants and each of them and hereby seeks Permanent Injunctive Relief pursuant to the foregoing, against each Defendant, in addition to statutory remedies.

## X.  COUNT ONE
## VIOLATIONS OF 47 U.S.C. §227 (b)(1)(B)

69.    Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through sixty-eight as if set forth in full at length.

70.    The Defendants violated the provisions of 47 U.S.C. §227(b)(1)(B), by the unlawful use of automated telephone dialing equipment under their ownership, employment, direction and/or control.

71.    The Defendants knowingly used those devices which caused the initiation of at least twelve (12) repeated prerecorded messages or abandoned calls, along with improper Caller ID, with multiple calls daily to plaintiff's residential telephone number [201] 767 8153 from April 25 thru 27, 2011, in which case such calls subsequently became harassing and seriously annoying to Plaintiff.

72.   Defendants utilize an automatic telephone dialing system to call Plaintiff without human intervention.

73.   Defendants' equipment is a system combining software and hardware that has the capacity to store or produce telephone numbers and dial those numbers at random or sequential order or from a database of numbers.

74.   The defendants' unsolicited phone calls to Plaintiffs residential phone utilized an artificial or prerecorded voice message.

75.   Defendants' unsolicited phone calls to Plaintiff were not made for emergency purposes, instead were advertisements regarding the commercial availability of its products or services and designed but not limited to encourage the purchase or lease of a new vehicle.

76.   Defendants did not seek but were denied express consent, written or otherwise, from Plaintiff prior to calling his residential telephone as complained of herein. **Id.**

77.   Defendants violated 47 U.S.C. §227(b) causing Plaintiff damages by initiating unsolicited calls to his residential phone. Such calls are prohibited under 47 U.S.C. §227(b)(3)(B) and entitles plaintiff to $500.00 in statutory damages for each such violation of the TCPA.

78.   At all times material herein, the defendants had the ability to direct their callers and had the authority to control the use of their ADAD and/ or ATDS, but knowingly chose not to do so.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff statutory and punitive damages for each of the subject calls material to Count One.

## XI.   COUNT TWO
## ENGAGING IN PROHIBITED ACTIVITY
## PURSUANT TO N.J.S.A. §56:8-119

79.   Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through seventy-eight above as if set forth in full at length.

80.   The Defendants initiated multiple phone calls to Plaintiffs residential telephone line, in a campaign to solicit Plaintiff for their products or services.

81.   New Jersey's no-call-law, codified at N.J.S.A. §56:8-119, defines "Telemarketing" as a plan, program or campaign which is conducted by telephone to encourage the purchase or rental of, or investment in, merchandise, but does not include the solicitation of sales through media other than a telephone call."

82.   The Defendants initiated twelve (12) prerecorded calls to Plaintiff from April 25 thru 27, 2011, often multiple times in one day, with the intent to encourage the purchase or rental of or investment in the Defendants' products or services.

83.   The defendants did not register their intent to solicit into the State, specifically to Plaintiff, thereby violating New Jerseys no-call-law. [N.J.S.A. §56:8-119]

84.   The defendants' calls to Plaintiff were outside the 18 month safe harbor period in which they could call plaintiff, if the EBR had not been previously severed, which it was.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff punitive damages for each of the unlawful calls material to Count Two.

-14-

## XII.   COUNT THREE
### Award for Statutory Trebled Damages
### For Willful or Knowing Violations of
### the TCPA, 47 U.S.C. §227(b)(3)(C)

85.   Plaintiff hereby incorporates all of the allegations of paragraphs one through eighty-four as if set forth in full at length.

86.   Plaintiffs notice not to receive any telemarketing calls was made by his registration with the Federal and State no-call-list at inception of said registry in 2003 & 2004. **Id.**

87.   Plaintiff notified, instructed and directed the defendants not to solicit him, on July 22, 2008, during the execution of the lease agreement and specifically made to Rockland Toyota finance executive, Bimi Masih. **Id.**

88.   Plaintiffs notices to stop the continued calls from the defendants was by letter to Defendant Kuperman, July 26, 2008 and again, during the April 25, 2011 live (solicitation) call as well as additional live (solicitation) calls with the defendants' employees, all to no avail.

89.   The Defendants knowingly or willfully violated the TCPA, intentionally designed the unsolicited prerecorded messages with a carefully orchestrated script but failed to conceal evidence of TCPA violations as alleged herein.

90.   The Defendants had knowingly or willfully violated 47 U.S.C. §227(b), which entitles Plaintiff to treble damages, as provided by statute, up to $1,500.00, for each and every violation of the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

91.   The Defendants failed or willfully ignored registering with the appropriate Federal and State agency, purchasing the relevant no-call-list, subsequently violating plaintiff's no-call request.

92.    The Communications Act of 1943 (of which the TCPA is a part) does not impose a mental state requirement in that it defines willful conduct as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation."

93.    The defendants knew or should have known their intentions to call plaintiff would violate the TCPA as well as New Jersey's no-call law, but chose to initiate those calls anyway.

94.    Accordingly, the willful intent to violate the TCPA with direct knowledge of its prohibited acts makes each of the Defendants liable thereunder, for treble the $500 statutory damage amount per violation, to an award of $1500.00 per violation as per Count three.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff statutory trebled damages of $1500.00 for each of the violations material to Count Three.

## XIII.   COUNT FOUR
### Award for Punitive Damages
### Pursuant to §2A:15-5.11

95.    Plaintiff hereby incorporates all of the allegations of paragraphs one through ninety-four as if set forth in full at length.

96.    The defendants' actions were willful or knowing as they were fully aware of the proscriptions against them for the use of prerecorded telemarketing messages or any sales calls to Plaintiff.

97.    The defendants were fully aware of the harm that would result from their efforts to call Plaintiff but repeatedly and knowingly initiated the calls identified herein.

-16-

98.   The harm suffered by plaintiff was the result of the defendants' acts or omissions. The defendants' conduct was malicious as they acted in wanton and willful disregard of Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

In addition to the statutory damage award, Award Plaintiff Punitive damages for FIVE times the statutory damage award for each of the unlawful calls addressed herein, material to Count Four.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a)      Award Plaintiff statutory damages for the series of subject calls material to Count One.

(b)      Award Plaintiff punitive and actual damages for the series of subject calls material to Count Two.

(c)      Award Plaintiff statutory trebled damages for the series of unlawful calls material to Count Three

(d)      Award Plaintiff punitive damages for the series of unlawful calls material to Count Four

(e)      Award Plaintiff the cost of this litigation pursuant to N.J.S.A. §56:8-19

(f)      Award Plaintiff attorney fees as applicable, pursuant to N.J.S.A. §56:8-19 et seq

(g)      Award Plaintiff Permanent Injunctive Relief pursuant to 47 U.S.C. §227(b)(3)(A)

-17-

(h)      In the alternative, award Plaintiff any Other Equitable Relief the Court deems justified to stop the aggravated harassment defined and described herein.

(i)      Plaintiff reserves the right to supplement this complaint in the event additional violations surface through continuing discovery.

(j)      Plaintiff waives any award in excess of $74,500.00, (Seventy Four Thousand Five Hundred Dollars), excluding costs and /or legal fees.

Respectfully submitted,

By: _____

RICHARD M. ZELMA, *pro se*

Dated: March 25, 2013

## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated.  No other parties should be joined in this action.

By: _____

RICHARD M. ZELMA, *pro se*

Dated: March 25, 2013

-18-

**NOTICE TO ATTORNEY GENERAL**
**FOR THE STATE OF NEW JERSEY**
**NOTICE IS HEREBY GIVEN** to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A.* *§56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.


RICHARD M. ZELMA, *pro se*
PLAINTIFF
Norwood, NJ 07648

Dated: March 25, 2013

-19-

EXHIBIT - 1



**R O C K L A N D**
**TOYOTA**

Rockland Toyota
618 Route 303
Blauvelt, NY 10913

# Privacy Notice

In connection with your transaction, **Rockland Toyota**

may acquire information about you as described in this notice, which we handle as stated in this notice. This does not apply to information obtained in a non-financial transaction.

1.  We collect nonpublic personal information about you from the following sources:

    a)  Information we receive from you on applications or other forms in connection with a financial transaction;

    b)  Information about your transactions with us, our affiliates, or others; and

    c)  Information we receive from a consumer-reporting agency.

2.  We may disclose all of the information we collect, as described above, to companies that perform marketing services or other functions on our behalf or to other financial institutions with whom we have joint marketing agreements. We may make such disclosures about you as a consumer, customer, or former customer.

3.  We may also disclose nonpublic personal information about you as a consumer, customer, or former customer, to non-affiliated third parties as permitted by law.

4.  We restrict access to nonpublic personal information about you to those employees who need to know that information to provide products or services to you. We maintain physical, electronic, and procedural safeguards that comply with the federal regulations to guard your nonpublic personal information.

_Refuse to sign_

Customer Signature

**EXHIBIT**
**1**

EXHIBIT - 2

RICHARD M. ZELMA*
940 BLANCH AVENUE
NORWOOD, NEW JERSEY. 07648

* LIFETIME MEMBER: TELECOM PIONEERS OF AMERICA
* LIFETIME MEMBER: COMMUNICATION WORKERS OF AMERICA
* NEW JERSEY GOVERNMENT & PUBLIC RELATIONS SPOKESPERSON FOR PRIVATE CITIZEN, INC.
* TCPA MENTORING & CONSULTATION

TELEPHONE 201-767-8153
TELECOPIER 201-767-8154
EMAIL: TCPALAW@OPTONLINE.NET

July 26, 2008
**VIA HAND DELIVERY**
**WITH WITNESS**
Evan Kuperman
Rockland Toyota
618 Route 303
Blauvelt, NY 10913

RE: Marketing calls
**NOTICE OF INTENT TO SUE**

Dear Mr. Kuperman:

On Tuesday, July 22, 2008, the undersigned entered into an agreement to lease a new vehicle from your dealership. Throughout the most unpleasant experience ever in leasing a vehicle,.I specifically told Bemi that I did not want **any telephone calls of any kind** resulting from the transaction.

At that point I did not sign the "marketing agreement" handed me and told Bemi to be careful that I do not receive any calls of any kind, except for a call that my vehicle was ready to be picked up. That notice was witnessed by my wife. I went further to invite (Bemi) to look me up in Google if my request not to be called appeared as if I were joking.

On July 25, 2008 at 9PM I was interrupted by a call from a company later identified as Synovate, who represented to be calling on your behalf to harvest my experience at your dealership. My first response was to describe the most uncomfortable experience ever. When I informed her that I was not to receive these kinds of calls, I was told it was my problem and to take it up with the dealer since it was they who provided her company my number.

You did not have my prior express written invitation or permission to telemarket me nor does a business relationship exist between us. Any established business relationship created by the transaction was immediately severed when Bemi was verbally informed and placed on notice with a witness present, that I was not to receive ANY calls of ANY kind resulting from leasing a vehicle from you.

My investigation into the matter has turned up evidence that your marketing company, Synovate, has a history of repeatedly calling others against their wishes as much as 8 times in one week. This leads me to the conclusion that you and your organization materially participated in the initiation of these calls, ignored my request to be left alone and ignored my severing the established business relationship, perhaps, in retaliation or to harass me for my dislike associated with the sleaziness of your sales manager, "Lee."

Subsequently you have now violated two (2) separate laws; the Telephone Consumer Protection Act of 1991, (TCPA), 47 U.S.C. §227 and the New Jersey NO-CALL Law. N.J.S.A. §56:8-119 et seq. Accordingly, you have exposure to significant liability.

EXHIBIT
2

Evan Kuperman
Rockland Toyota
July 26, 2008
Page 2

Please allow this communication to serve as notice to cease and desist all future activity with respect to marketing my home. Furthermore, please note that in the likely event I **do** receive future calls of the same nature made by or on your behalf, the undersigned will commence with the prosecution of the matter in the Superior Court of New Jersey, Bergen County Law Division, naming you individually as defendant. A t that point, I will waste no time seeking the federally authorized amount of $1500 (Fifteen Hundred Dollars) for each call I receive thereto.

Lastly, Federal Law **PROHIBITS YOU** from sharing my phone numbers with any third party without my express consent. With an abundance of caution, you are hereby admonished from doing so.

Please be guided accordingly.

/s/ **Richard M. Zelma**

Richard M. Zelma


EXHIBIT
2

EXHIBIT - 3

*Attorney in fact:* Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
Tel. No: 201 767 8153
Electronic Mail: TCPALAW@OPTONLINE.NET
*Attorney* for SELF

| | |
|---|---|
| Richard M. Zelma<br>Plaintiff<br>Vs.<br>Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services and Does' (1-5) and ABC Corporations' (1-5); each acting individually, in concert or as a group.<br><br>Defendants' | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY LAW DIVISION<br>DOCKET NO.: BER-L-1027-13<br><br>**Subpoena** *DUCES TECUM*<br><br>(No Appearance Required) |

**The State of New Jersey** to: Neal D. Kuperman, Galaxy Nyack Inc. a/k/a, d/b/a Rockland Toyota, 616 Rt 303, Blauvelt, NY 10913

**You are hereby commanded by** the above named court pursuant to authority of Rule 1:9-2 to provide the following information in lieu of court appearance.

Documents relevant to, created by or which materially relate to a lease of a 2008 Toyota RAV-4 by the undersigned Plaintiff, which took place on or about July 22, 2008, whereby said documents under your ownership, custody or control demonstrate[d] or evidence[d] Plaintiffs do-not-call (no-call) request, directed at your Finance Executive Bimi Masih, who, in the presence of and witnessed by (Plaintiffs wife) Barbara Zelma, was entrusted, directed and/or encouraged to pass that do-not-call request unto Toyota Motor Corporation, Toyota Financial Services or any entity maintained by you and/ or Toyota to maintain a no-call request.

**YOU ARE FURTHER ORDERED** to deliver true, legible and durable copies of said documents as well as any and all memorandum in which your Finance Executive, Bimi Masih had denoted on said documents, Plaintiffs explicit notice not to be solicited, called or contacted for any reason whatsoever (by telephone) (absent recall notification or dealership service completion notice) as a result of that business transaction. You must identify and provide with specificity, your proof of filing, sending, forwarding or copying said documents along with the date[s] thereon, to the Toyota Motor Corporation, Toyota Financial Services or any entity responsible for recording privacy notices issued to your Finance Executive at the time of the subject transaction.

Provided that if you are notified that a motion to quash the subpoena has been filed, the subpoenaed evidence shall not be produced or released until ordered to do so by the court or the release is consented to by all parties to the action.

Failure to appear or comply with the command of this Subpoena will subject you to the penalties provided by law.

EXHIBIT
3

You may redact privileged financial information appearing on any documents. However, they shall be produced as they are kept in the usual course of business, delivered to the undersigned by United States mail, similar delivery service or Electronic Mail, on or before, but not later than March 21, 2013 and sent to either or both of the following address:

Richard M. Zelma, 940 Blanch Avenue, Norwood New Jersey 07648,

For Electronic Mail Service: TCPALAW@OPTONLINE.NET

Dated:   March 7, 2013

_____
Attorney for SELF

Jennifer M. Perez,
Clerk of the Superior Court

**PROOF OF SERVICE**

On March 7, 2013, I, the undersigned, being over the age of 18, served the within Subpoena via Certified Mail, R.R.R. and Regular Mail, to;
    Neal E. Kuperman, Galaxy Nyack Inc. a/k/a, d/b/a Rockland Toyota, 618 Rt. 303, Blauvelt, NY 10913

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   March 7, 2013

_____
Attorney for SELF

EXHIBIT

3

EXHIBIT - 4



### ROCKLAND
### ⊕ TOYOTA

Rockland Toyota
618 Route 303
Blauvelt, NY 10913

Richard M. Zelma
940 Blanch Avenue
Norwood, New Jersey 07648

March 18, 2013

Docket NO.: BER-L-1027-13

In response to Subpoena, we have no such documentation as the Customer, Richard M. Zelma entered into a private banking relationship with Toyota Financial Services. It is his obligation to contact them directly with his banking requirements. We presented Richard Zelma with our privacy notice.

Sincerely,

Evan Kuperman
Asst. General Manager
Rockland Toyota

**EXHIBIT**
*4*

EXHIBIT - 5

| Date | Time | Length | Line# | Type | FlwUp&Status | Number and Name | N |
|------|------|--------|-------|------|--------------|-----------------|---|
| 4/25/2011 | 2:04PM | 0:16:33 | 1 | OUT | N | | |
| 4/25/2011 | 4:21PM | 0:01:21 | 1 | Rng 3 | N | - Blocked | |
| 4/25/2011 | 4:23PM | 0:00:20 | 1 | IN 4 | N | - Blocked | TOYOTA |
| 4/25/2011 | 4:49PM | 0:00:11 | 1 | IN 4 | N | - Blocked   800 Service | |
| 4/25/2011 | 5:00PM | 0:09:08 | 1 | Rng 3 | N | - Blocked   800 Service | |
| 4/26/2011 | 12:13PM | 0:00:22 | 1 | IN 2 | N | - Blocked | |
| 4/26/2011 | 12:14PM | 0:23:02 | 1 | OUT | N | | |
| 4/26/2011 | 6:11PM | 0:00:37 | 1 | IN 4 | N | - Blocked | TOYOTA |
| 4/27/2011 | 12:19PM | 0:00:38 | 1 | OUT | N | | |
| 4/27/2011 | 2:53PM | 0:00:25 | 1 | OUT | N | | |
| 4/27/2011 | 2:56PM | 0:05:13 | 1 | OUT | N | | |
| 4/27/2011 | 3:22PM | 0:01:29 | 1 | OUT | N | | |
| 4/27/2011 | 3:45PM | 0:00:41 | 1 | OUT | N | | |
| 4/27/2011 | 4:53PM | 0:00:42 | 1 | OUT | N | | |
| 4/27/2011 | 5:18PM | 0:00:11 | 1 | IN 4 | N | - Blocked | TOYOTA |
| 4/27/2011 | 6:30PM | 0:04:44 | 1 | OUT | N | | |
| 4/27/2011 | 6:35PM | 0:00:21 | 1 | OUT | N | | |
| 4/27/2011 | 6:35PM | 0:01:21 | 1 | OUT | N | | |
| 4/27/2011 | 6:37PM | 0:06:07 | 1 | OUT | N | | |
| 4/27/2011 | 6:43PM | 0:01:39 | 1 | OUT | N | | |
| 4/27/2011 | 6:46PM | 0:01:48 | 1 | OUT | N | | |
| 4/27/2011 | 6:48PM | 0:03:15 | 1 | OUT | N | | |
| 4/27/2011 | 6:52PM | 0:00:37 | 1 | OUT | N | | |
| 4/27/2011 | 6:53PM | 0:03:55 | 1 | OUT | N | | |
| 4/27/2011 | 6:57PM | 0:00:43 | 1 | OUT | N | | |
| 4/27/2011 | 7:06PM | 0:00:31 | 1 | IN 4 | N | - Blocked   - 800 Service | TOYOTA |
| 4/27/2011 | 7:07PM | 0:01:58 | 1 | Rng 3 | N | - Blocked | |
| 4/27/2011 | 7:11PM | 0:01:32 | 1 | IN 4 | N | - Blocked   - 800 Service | |
| 4/27/2011 | 7:17PM | 0:01:17 | 1 | OUT | N | | |
| 4/27/2011 | 7:19PM | 0:18:58 | 1 | OUT | N | | |
| 4/27/2011 | 7:41PM | 0:00:38 | 1 | IN 4 | N | - Blocked | TOYOTA |
| 4/27/2011 | 7:43PM | 0:00:42 | 1 | IN 3 | N | - Blocked | |
| 4/27/2011 | 7:55PM | 0:01:07 | 1 | IN 2 | N | | |

EXHIBIT
5

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | | |
|---|---|---|
| Richard M. Zelma, pro se | | |
| FIRM NAME (if applicable) | TELEPHONE NUMBER | COUNTY OF VENUE |
| N/A | (201) 767-8153 | Bergen |
| OFFICE ADDRESS | | DOCKET NUMBER (when available) |
| 940 Blanch Avenue | | BER- L- 1027-13 |
| Norwood NJ 07648 | | DOCUMENT TYPE |
| | | First Amended Complaint |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION | JURY DEMAND ☐ YES ■ No |
|---|---|---|
| Richard M. Zelma, pro se PLAINTIFF | Richard M. Zelma vs. Toyota Financial Services Americas Corp., d/b/a Toyota Financial Services, Neil Kuperman, Evan Kuperman and Galaxy Nyack Inc., d/b/a Rockland Toyota | |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|
| 699 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes ■ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) | |
|---|---|---|
| ☐ Yes ☐ No | | ☐ NONE ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: | |
|---|---|---|
| ☐ Yes ■ No | ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain) |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | ☐ Yes ■ No | |
| | WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| | ☐ Yes ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 05-07-2012, CN 10517-English

page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 623 PROPECIA

### Mass Tort (Track IV)
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ **Putative Class Action**    ☐ **Title 59**

Attorney *in fact*:
Richard M. Zelma, *pro se*
940 Blanch Avenue
Norwood, New Jersey 07648

Tel: 201 767 8153
Attorney for *SELF*

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY

**LAW DIVISION**

---

Richard M. Zelma
Plaintiff
vs.
Toyota Financial Services Americas Corporation, d/b/a
Toyota Financial Services, Neil Kuperman, Evan Kuperman
and Galaxy Nyack, Inc., d/b/a Rockland Toyota
Defendant(s)

Docket No.: BER - L-1027-13

CIVIL ACTION

**First Amended Complaint**

**SUMMONS**

**From The State of New Jersey** To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Jennifer M. Perez,
Clerk of the Superior Court

**DATED:** March 28, 2013

Def. Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services
SERVE; CT Corporation Systems, 818 W Seventh ST. Los Angeles CA 90017
Defense counsel, Reed Smith will accept service..
Neil Kuperman, Evan Kuperman; Serve via Certified & Regular Mail, 618 Rt. 303, Blauvelt, NY 10913.
Galaxy Nyack, Inc., d/b/a Rockland Toyota; serve National Registered Agents, Inc., 160 Greentree Dr. Ste 101, Dover DE. 19904.

Revised 09/01/2010, CN 10792-English (Appendix XII-A)

# EXHIBIT B

## Ari Schneider

**From:** Lavery, Kellie A. [KLavery@ReedSmith.com]
**Sent:** Friday, April 26, 2013 1:11 PM
**To:** Ari Schneider
**Subject:** Re: Richard M. Zelma v. Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services, et al.

We consent.

**From:** Ari Schneider [mailto:ASchneider@sseclaw.com]
**Sent:** Friday, April 26, 2013 11:19 AM Eastern Standard Time
**To:** Lavery, Kellie A.
**Subject:** Richard M. Zelma v. Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services, et al.

Hi Ms. Lavery:

My name is Ari Schneider, and I am with the Law Firm of Schwartz Simon Edelstein & Celso, LLC.  We recently received a complaint served upon our client, Galaxy Nyack Inc., d/b/a Rockland Toyota. Apparently the Complaint was served upon your client in February and then Amended to include my client. I believe you have already filed an Answer.

It is my intention to file a Notice of Removal to the District Court today.  However, I need your consent to do so.  Do you have any objection to me making such and application?  Thank you.

Very truly yours,

**Ari D. Schneider**
**Schwartz, Simon, Edelstein & Celso, LLC**
100 S. Jefferson Rd. │ Suite 200
Whippany, NJ 07981
Direct: 973.805.7324 │ Main: 973.301.0001 │ Fax: 973.993.3152
ASchneider@sseclaw.com │ www.sseclaw.com
Ass't:  Milla Kleinberg │ 973.301.0001 │ MKleinberg@ssseclaw.com

**CONFIDENTIALITY NOTE:** This electronic transmission contains information from the law firm of Schwartz Simon Edelstein & Celso LLC which is confidential and/or legally privileged.  The information is intended only for the use of the individual or entity named on this transmission.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited, and that this transmission should be returned to this firm immediately and should be erased from your computer, server or any other medium designed to retain electronic information.  In this regard, if you have received this transmission in error, please notify us by electronic mail or telephone immediately.

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

* * *

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.20.10.00

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SCHWARTZ SIMON
EDELSTEIN & CELSO LLC
100 South Jefferson Road
Suite 200
Whippany, New Jersey 07981
(973) 301-0001
Attorneys for Defendants,
Neil Kuperman, Evan Kuperman
and Galaxy Nyack, Inc., d/b/a
Rockland Toyota

| | |
|---|---|
| Richard M. Zelma, | : |
| Plaintiff, | : Civil Action No. |
| v. | : |
| Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services, Neil Kuperman and Evan Kuperman and Galaxy Nyack, Inc., d/b/a Rockland Toyota and DOES' (1-5) and ABC CORPORATIONS' (1-5); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP; | : NOTICE OF REMOVAL |
| Defendants. | : |

TO:  THE CLERK AND THE HONORABLE JUDGES
     OF THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY, NEWARK VICINAGE

     Defendants, Neil Kuperman, Evan Kuperman and Galaxy Nyack,

Inc., d/b/a Rockland Toyota (hereinafter collectively

"Defendants"), hereby give notice to the Court, pursuant to 28

{00607733; 1}

U.S.C. §1441, of the removal of this action, captioned as _Richard M. Zelma v. Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services, Neil Kuperman, Evan Kuperman and Galaxy Nyack, Inc., d/b/a Rockland Toyota and Does' (1-5) and ABC Corporations' (1-5); Each Acting Individually, In Concert or as a Group_, Docket No. BER-L-1027-13 (hereinafter "State Action"), from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey. Removal of this matter from the Superior Court of New Jersey to the United States District Court is proper for the reasons set forth below:

1. On or about March 28, 2013, Defendants were served with the Summons and First Amended Complaint ("Complaint") in the State Action. See copies of the Summons and Complaint attached hereto as Exhibit A.

2. Plaintiff, Richard M. Zelma (hereinafter "Plaintiff"), contends that Defendants violated the provisions of 47 U.S.C §227(b)(1)(B), by the unlawful use of automated telephone dialing equipment under their ownership, employment, direction and/or control. See Exhibit A, Paragraph 70.

3. Plaintiff contends that Defendants violated N.J.S.A. §56:8-119 by not registering their intent to solicit into the State, specifically to Plaintiff, thereby violation New Jerseys no-call-law. See Exhibit A, Paragraph 83.

{00607733; 1}

4.   Plaintiff contends that Defendants knowingly or willfully violated 47 U.S.C. §227 (b), which entitles Plaintiff to treble damages, as provided by statute, up to $1,500.00, for each and every violation of the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C). See Exhibit A, Paragraph 90.

5.   Plaintiff asserts that because Defendants' actions were willful or knowing, as they were fully aware of the proscriptions against them for the use of prerecorded telemarketing messages or any sales calls to Plaintiff, Plaintiff is entitled to Punitive Damages, pursuant to N.J.S.A §2A:15-5.11. See Exhibit A, Paragraph 96.

6.   This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over all state and common law claims asserted in the Complaint by Plaintiff as those claims are so related to the federal claims that they form part of the same case.

7.   Defendants are entitled to seek removal of this matter, pursuant to 28 U.S.C. §1446(b), as this Notice of Removal has been filed within thirty (30) days of service of the Summons and Complaint in the State Action.

8.   The State Action is a civil action of which the District Courts of the United States have original jurisdiction by virtue of federal question jurisdiction granted by 28 U.S.C. §1331.

9.   28 U.S.C. §1331 states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

10.   Moreover, all known Defendants consent to removal of this matter.

11.   This matter is therefore properly removed to this Court, pursuant to 28 U.S.C. §1441(a).  Venue is proper in the Newark Vicinage, as the claims asserted by Plaintiff in this matter allegedly arose in Norwood, New Jersey.

12.   Accordingly, this matter should be removed to the United States District Court for the District of New Jersey by virtue of the provisions of 28 U.S.C. §1441(a) and 28 U.S.C. §1446(b).

13.   Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal has been given to all parties involved in the State Action and has been filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

14.   Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, and do not concede that Plaintiff has asserted any claims against Defendants upon which relief may be granted.

WHEREFORE, Defendants respectfully give notice to this Court of the removal of the State Action from the Superior Court of New Jersey, Law Division, Bergen County, to the United States

District Court for the District of New Jersey, Newark Vicinage.

SCHWARTZ SIMON
EDELSTEIN & CELSO LLC
Attorneys for Defendants,
Neil Kuperman, Evan Kuperman
and Galaxy Nyack, Inc., d/b/a
Rockland Toyota

By: /s/  Stefani C Schwartz
        STEFANI C SCHWARTZ

Dated:  April 26, 2013

# EXHIBIT D

## View Shipment -- Tracking #: 17286244

**Service Types**

● Standard Service
● Priority Service
● Pick Up Service
● Process Service

**Service Option**

■ Extra Insurance
■ No Signature Required

**Pickup Address**

SCHWARTZ SIMON EDELSTEIN & CELSO
Milla Kleinberg
100 SOUTH JEFFERSON ROAD
WHIPPANY, NJ 07981

**Delivery Address**

Reed Smith LLP
Kellie A. Lavery, Esq.
136 MAIN ST STE 250
Princeton Forrestal Village
Princeton, NJ 08540

**Case Reference**

Ref. No        :DLB013
Case Name  :Zelma v. Toyota Financial Services, et al.
Docket No.   :BER-L-1027-13
Attorney      :STEFANI C SCHWARTZ, ESQ.

**Item Description**

Notice of Removal

**Shipment Processing History**

| Description | Date | Notes |
| --- | --- | --- |
| Proof of Delivery Available (T2) | 04/29/2013 04:40PM | |
| Shipment Delivered (T2) | 04/29/2013 04:40PM | |
| Processed at NJLS Facility (XM3) | 04/29/2013 06:43AM | |
| Picked up from drop box (DB7) | 04/28/2013 08:58PM | |
| Printed Shipment Label | 04/26/2013 05:00PM | |

**Proof of Delivery**

Name: blanco

# EXHIBIT E



Estate of Dean v. New Jersey, 2012 U.S. Dist. LEXIS 32761

Case 2:13-cv-02883-ES-JAD Document 32-6 Filed 06/17/13 Page 50 of 52 PageID: 451 Page 2 of 4

*HN3* There is disagreement among courts as to whether a defendant who does not sign the notice of removal must provide the court with written consent in order to satisfy the rule of unanimity. Several circuits hold that only one attorney of record is required to sign and certify that all served defendants have consented to removal. That interpretation of 28 U.S.C.S. § 1446 is based on the application of Fed. R. Civ. P. 11, which states that each pleading, written motion, or other paper must be signed by at least one attorney of record, and by doing so, the attorney certifies that the factual contentions therein have evidentiary support. Therefore, according to this approach, an attorney certifying pursuant to Rule 11 that all necessary defendants have consented to removal is sufficient to satisfy the rule of unanimity. The majority view, however, is that non-signing defendants must do more than merely advise the removing defendant of their consent. Defendants must communicate their consent directly to the court. This also is the approach used in the District of New Jersey. *Shepardize - Narrow by this Headnote*

Civil Procedure > ... > Removal > Nonremovable Actions > Rule of Unanimity
Civil Procedure > Pleading & Practice > General Overview

*HN4* The United States District Court for the District of New Jersey holds that in order to properly join a removal petition, a non-signing defendant must communicate consent in a writing directed to the court. It would be imprudent to allow one party to represent the position of and bind another party, without express consent. A writing such as an affidavit of joinder or consent, or even a letter provides the court with a written entry that would unequivocally bind the allegedly consenting party. This procedure ensures the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove. Additionally, Fed. R. Civ. P. 11 does not guarantee that a non-signing defendant has actually consented to removal. Inasmuch as Rule 11 may subject the signer of the removal notice to sanctions for failing to adequately investigate the factual allegations therein, it does not bind the allegedly consenting co-defendant to the removal action. *Shepardize - Narrow by this Headnote*

Civil Procedure > ... > Removal > Nonremovable Actions > Rule of Unanimity

*HN5* Although relatively few courts have permitted defendants to voice their consent to removal orally, even these courts have required that the oral consent be directed to the court, not merely among the defendants themselves. *Shepardize - Narrow by this Headnote*

Civil Procedure > ... > Removal > Nonremovable Actions > Rule of Unanimity

*HN6* A federal district court will not infer consent to removal from the act of filing an answer. *Shepardize - Narrow by this Headnote*

**Counsel:** **[1]** For ESTATE OF SHAKEENA DEAN, by her Administrator Ad Prosequendum Mutiah Dean, Plaintiff, Cross Defendant: DAWN S. DEWEIL, LAW OFFICES OF CRAIG M. ROTHENBERG, UNION, NJ.

For STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, Commisioner, Defendants, Cross Defendants: ROSHAN DEVEN SHAH, STATE OF NEW JERSEY, OFFICE OF THE ATTORNEY GENERAL, TRENTON, NJ.

For JENNIFER PETRILLO, M.D., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N, SANDRA BRAIMBRIDGE, M.D., Defendants, Cross Claimants, Cross Defendants: JAY SCOTT MACNEILL, LEAD ATTORNEY, POST, POLAK, GOODSELL, MACNEILL &, STRAUCHLER, P.A., ROSELAND, NJ.

For GRACE AMISTIC, A.P.N, Defendant, Cross Defendant: JAY SCOTT MACNEILL, POST, POLAK, GOODSELL, MACNEILL &, STRAUCHLER, P.A., ROSELAND, NJ.

For THE KINTOCK GROUP, Defendant, Cross Claimant, Cross Defendant: ANTHONY PAUL PASQUARELLI, SWEET PASQUARELLI, PC, NEW BRUNSWICK, NJ.

**Judges:** JOEL A. PISANO, United States District Judge.

**Opinion by:** JOEL A. PISANO

Opinion

## MEMORANDUM OPINION

**PISANO, Judge**

This matter comes before the Court upon a Motion to Remand by Plaintiff Estate of Shakeena Dean to the Superior Court of New Jersey, Law Division, Mercer County. (DE 6.) Defendants State of New Jersey, the New Jersey **[2]** Department of Corrections, and George W. Hayman ("the State Defendants") oppose the Motion. (DE 8.) The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant the Motion to Remand.

## I. BACKGROUND

Estate of Dean v. New Jersey, 2012 U.S. Dist. LEXIS 72761

Case 2:13-cv-02835-ES-JAD   Document 33-61   Filed 06/17/13   Page 51 of 52 PageID: 426   Page 3 of 4

Shakeena Dean was an inmate at Edna Mahon Prison in December 2009. (Compl., First Count, ¶ 7; DE 1, Ex. A.) On December 20, 2009, she was taken to St. Francis Medical Center in Trenton, N.J. after allegedly experiencing complications of lupus. (Pls. Br., Ex. A.) She later died as a result of her illness. (Compl., First Count, ¶ 22.) The Estate of Shakeena Dean ("Plaintiff") filed a Complaint in the Superior Court of New Jersey, Law Division, Mercer County on December 2, 2011. Plaintiff accuses the State Defendants, various medical providers, and The Kintock Group ("Kintock"), a private company that manages halfway houses, of violations of the <u>Eighth Amendment to the United States Constitution</u>, wrongful death, and negligence. (Compl. First Count ¶¶ 19, 20, 22, 23, Second Count ¶ 3.)

The State Defendants removed the action to this Court on January 26, 2012. (<u>See</u> [3] Notice of Removal; DE 1.) As of that date, State Defendants maintain that they and Kintock were the only defendants served. (Defs. Br. at 2.) The Notice of Removal, signed by counsel for the State Defendants, asserted federal question jurisdiction based upon Plaintiff's <u>Eighth Amendment</u> claim as the ground for removal. (<u>Id.</u> ¶ 2.) The Notice of Removal also contained the following statement:

5. <u>Consent to Removal</u>: All parties known to be properly served have consented to the removal of this action.

(<u>Id.</u> ¶ 5.) Apparently, Kintock gave verbal consent to the removal to counsel for the State Defendants. (<u>See</u> Defs. Br., Ex. A.) But Kintock did not inform separately the Court of its consent. Kintock filed an answer and cross-claims on February 1, 2012. (DE 4.) In addition, according to the State Defendants, Kintock participated in rescheduling the initial conference before Magistrate Judge Douglas E. Arpert. (Defs. Br. at 3.)

Plaintiff filed a Motion to Remand the action on February 22, 2012. (DE 6.) Plaintiff contends that the removal was procedurally defective because Kintock has not consented to the State Defendants' Notice of Removal. (Pls. Br. at 6.) The State Defendants oppose the Motion, [4] (DE 3), arguing that Kintock consented to the removal when it verbally agreed to the same. (Defs. Br. at 3.) Moreover, State Defendants contend that the Court should infer consent from Kintock's answer and its participation in the rescheduling of the initial conference. (<u>Id.</u>)

## II. DISCUSSION

**HN1** The federal removal statute provides, "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to <u>Rule 11 of the Federal Rules of Civil Procedure</u> . . . within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." <u>28 U.S.C. § 1446(a)</u> and <u>(b)</u>. **HN2** "[A]ll defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in <u>28 U.S.C. § 1446(b)</u> in order to perfect removal." <u>[i] Ogletree v. Barnes, 851 F. Supp. 184, 186 (E.D. Pa. 1994)</u> (citing <u>Gableman v. Peoria, D, & E. Ry. Co., 179 U.S. 335, 337, 21 S. Ct. 171, 45 L. Ed. 220 (1900)</u>; <u>Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 20 S. Ct. 854, 44 L. Ed. 1055 (1900)</u>). This requirement is called the "rule [5] of unanimity." <u>Id.</u>

**HN3** There is disagreement among courts as to whether a defendant who does not sign the notice of removal must provide the court with written consent in order to satisfy the rule of unanimity. <u>See Siebert v. Norwest Bank, 166 Fed. Appx. 603, 607 n.2 (3d Cir. 2006)</u> (noting the conflict but declining to resolve it). Several circuits hold that only one attorney of record is required to sign and certify that all served defendants have consented to removal. <u>See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009)</u>; <u>Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201-202 (6th Cir. 2004)</u>. That interpretation of <u>28 U.S.C. § 1446</u> is based on the application of <u>Federal Rule of Civil Procedure 11</u>, which states that each "pleading, written motion, or other paper must be signed by at least one attorney of record," and by doing so, the attorney "certifies that ... the factual contentions [therein] have evidentiary support." Therefore, according to this approach, an attorney certifying pursuant [6] to <u>Rule 11</u> that all necessary defendants have consented to removal is sufficient to satisfy the rule of unanimity.

The majority view, however, is that non-signing defendants must do more than merely advise the removing defendant of their consent. Defendants must communicate their consent directly to the Court. <u>See Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008)</u>; <u>Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994)</u>; <u>Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)</u>. This also is the approach used in this district. <u>See, e.g., Wal-Mart Stores, Inc. v. Elec. Ins. Co., No. 06-3132, 2007 U.S. Dist. LEXIS 3572, at *9-10 (D.N.J. Jan. 18, 2007)</u>; <u>Michaels v. State of New Jersey, 955 F. Supp. 315, 321 (D.N.J. 1996)</u>.

**HN4** This Court holds that in order to properly join a removal petition, a non-signing defendant must communicate consent in a writing directed to the court. It would be imprudent to allow one party to represent the position of and bind another party, without express consent. <u>See Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 509 (E.D. Va. 1992)</u> (addressing the issue of consent to removal and reasoning that "one [7] of the primary reasons that parties may have separate counsel is to present independently their position to the court."). A writing such as "an affidavit of joinder or consent, or even a letter provides the court with a written entry that would unequivocally bind the allegedly consenting party." <u>Michaels, 955 F. Supp. at 321</u>. This procedure ensures "the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove." Additionally, <u>Rule 11</u> does not guarantee that a non-signing defendant has actually consented to removal. "[I]nasmuch as <u>Rule 11</u> may subject the signer of the removal notice to sanctions for failing to adequately investigate the factual allegations therein, [] it does not bind the allegedly consenting co-defendant to the removal action." <u>Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1238 (N.D.W. Va. 1993)</u>.

In this case, only counsel for the State Defendants signed the Notice of Removal. Kintock did not sign the Notice of Removal, was not mentioned by name in the Notice of Removal, and did not communicate **[8]** to the Court its consent to removal. State Defendants point out that the failure to join all defendants in a removal petition is not a jurisdictional defect. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). Because the defect is procedural, the State Defendants urge this Court to accept an e-mail exchange between counsel for Kintock and counsel for the State Defendants as evidence of Kintock's consent to the removal on January 26, 2012. (See Defs. Br. Ex. A.) On February, 22, 2012, State Defendants' counsel requested confirmation of Kintock's consent in mid-January. (Id.). In his reply e-mail, Kintock's counsel states, "Yes, I did consent to removal to the U.S. District Court." (Id.) This is inadequate to communicate Kintock's consent. See Michaels, 955 F. Supp. at 321 (citing Clyde v. Nat'l Data Corp., 609 F. Supp. 216, 218 (N.D. Ga. 1985)) (*HN5*) "[A]lthough relatively few courts have permitted defendants to voice their consent orally, even these courts have required that the oral consent be directed to the court, not merely among the defendants themselves.").

Nor does Kintock's answer filed within the thirty-day period constitute affirmative consent. *HN6* The Court will not **[9]** infer consent from the act of filing an answer. See Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995) (holding that "a party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal); Peter Holding Co. v. Le Roy Foods, Inc., 107 F. Supp. 56, 57 (D.N.J. 1952) (refusing to construe a protective answer and cross-claim as consent to removal).

The Court, in sum, finds that the rule of unanimity was not satisfied because Kintock did not join in or adequately consent to removal. Further, the Court notes that Kintock has neither joined in the State Defendant's opposition to the Motion for Remand, nor has it sought to cure a defect in the Notice of Removal. Consequently, the Court will remand the case to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c).

## III. CONCLUSION

For the reasons above, the Court grants Plaintiff's Motion to Remand. The Court remands the case to the Superior Court of New Jersey, Law Division, Mercer County. An appropriate order is filed herewith.

Dated: May 24, 2012

/s/ Joel A. Pisano

United States District Judge

LexisNexis® | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2013 LexisNexis.