<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA FINANCIAL SERVICES AMERICAS CORPORATION, d/b/a TOYOTA FINANCIAL SERVICES, NEIL KUPERMAN, EVAN KUPERMAN and GALAXY NYACK, INC., d/b/a ROCKLAND TOYOTA and DOES' (1-5) and ABC CORPORATIONS' (1-5); each acting individually, in concert or as a group,<br><br>Defendants. | Civil Action No. 2:13-cv-02698(ES) (JAD)<br><br><u>REPORT AND RECOMMENDATION</u> |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon motion (ECF No. 9) by plaintiff Richard M. Zelma ("Plaintiff") to remand this action to the Superior Court of New Jersey, Bergen County, Law Division, pursuant to 28 <u>U.S.C.</u> § 1447 (the "Motion to Remand"). The Motion to Remand was referred to this Court by the Honorable Esther Salas, United States District Judge, for Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, the Court recommends that Plaintiff's motion to remand be **granted**.

    I.    <u>REMOVAL FROM STATE COURT.</u>

This action involves alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C) ("TCPA") and the New Jersey No-Call-Law of 2006, N.J.S.A. § 56:8-119. (Pl. Compl. ¶ 2, ECF No. 1, Ex. A). On or about July 22, 2008, Plaintiff leased a vehicle from defendant Rockland Toyota. (Id. at ¶ 18). During the execution of the lease agreement, Plaintiff allegedly refused to sign a form that would give his consent to receive telemarketing calls from defendants. (Id. at ¶ 19). However, days later Plaintiff received a consumer-satisfaction call at his residence regarding his experience at the defendant car dealership, prompting Plaintiff to personally deliver a cease and desist letter to the dealership advising that he did not want to be contacted for telemarketing purposes. (Id. at ¶ 23).

In April of 2011, as Plaintiff's vehicle lease neared its termination, Plaintiff alleges that he received numerous phone calls at his residence with prerecorded solicitation announcements from defendants. (Id. at ¶¶ 25, 39, 50). Plaintiff further alleges that, after reiterating his desire not to be called on multiple occasions, he filed the original complaint (the "Complaint") in New Jersey Superior Court, Law Division, Bergen County on February 6, 2013. (Pl. Br. 2, ECF No. 9-1). Shortly thereafter, Plaintiff allegedly agreed to consent to an extension of defendant Toyota Financial Services Americas Corporation's ("TFS") time to answer in exchange for TFS's agreement to keep the matter in state court. (Id. at *3).

Plaintiff filed an amended complaint on March 28, 2013 adding Neil Kuperman, Evan Kuperman, Galaxy Nyack Inc., d/b/a Rockland Toyota ("Rockland Defendants") as defendants. (Id.). The amended complaint was served on the Rockland Defendants and TFS on or about April 2 and April 9, 2013. (Id.). On April 26, 2013, the Rockland

Defendants received consent from TFS to remove the matter to federal court via electronic mail ("the email"). (Cert. of Stefani C. Schwartz, at 39, ECF No. 13-1, Ex. B). On April 26, 2013, the Rockland Defendants removed the matter to this Court, asserting that removal was warranted under 28 U.S.C. § 1446(b) because this matter presents a federal question over which the district court has original jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1).

Plaintiff argues that removal was improper for five reasons: (1) TFS has previously agreed to keep this matter in the state court; (2) TFS destroyed joinder in consenting to removal by filing its answer in the state court; (3) TFS's notice of appearance does not constitute consent; (4) TFS's failure to file a corporate disclosure statement pursuant to Rule 7.1 makes the removal defective; and (5) the district court does not have original jurisdiction over the claims. (Pl. Br., ECF No. 9).

The Rockland Defendants oppose Plaintiff's motion to remand, arguing that this court has subject matter jurisdiction over this matter because Plaintiff's TCPA claim arises under the laws of the United States. (D. Br., ECF No. 13). Additionally, the Rockland Defendants claim that consent was obtained from TFS prior to filing the Notice of Removal, and that TFS's Notice of Appearance constitutes "unambiguous written evidence of consent." (Id. at *6). The Rockland Defendants further argue that, even if they did not comply with the consent requirement, they should be permitted to cure any procedural defect in removal. (Id. at 6, 7).

## II. LEGAL STANDARD – REMOVAL AND REMAND.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed

by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a); see also Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Section 1446 sets forth the procedures for removal, and Section 1447 sets forth the procedures following removal. 28 U.S.C. §§ 1446, 1447. On a motion to remand, the party seeking removal bears the burden of demonstrating that removal is proper. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Id.; see also Boyer v. Snap-On Tolls Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

There are two types of defects that may be present in removal: procedural and jurisdictional. For instance, a defendant's failure to comply with the thirty-day requirement described in 28 U.S.C. § 1446(b)(1) is a procedural defect. Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003)). In turn, a plaintiff's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c). Jurisdictional defects may be raised at any time. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996).

### III. DISCUSSION

The Court will first address whether this court has subject matter jurisdiction over Plaintiff's claims and will then consider whether the removal was procedurally defective.

#### A. Federal Question Jurisdiction

First, the Court will determine whether it has original jurisdiction over this matter. In Mims v. Arrow Fin. Servs., 132 S. Ct. 740, 181 L. Ed. 2d 881 (2011), the Supreme Court considered whether federal courts possess federal question jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331. TCPA provides that a person "may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State [...] an action to recover for actual monetary loss from such a violation, or to receive $500 damages[.]" 47 U.S.C. § 227(b). In a unanimous opinion, the Supreme Court held that the States' jurisdiction over TCPA claims is permissive in nature, not exclusive, and that a private TCPA cause of action arises under federal law for the purposes of 28 U.S.C. § 1331. Mims, 123 S. Ct. at 748, 753. The Court's determination regarding the federal courts' concurrent jurisdiction over TCPA claims flowed from two premises, the first being that, because federal law creates the right of action and provides the rules of decision, private TCPA claims clearly "arise under" the laws of the United States for the purposes of 28 U.S.C. § 1331. See id. Secondly, the Court noted "the deeply rooted presumption in favor of concurrent state court jurisdiction." Id. at 747. As for the TCPA itself, the Court found that "[n]othing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331." Mims, 123 S. Ct. at 748, 753.

Accordingly, this Court finds that it has original subject matter jurisdiction over Plaintiff's TCPA claims. See id.; see also Landsman & Funk, P.C. v. Skinder-Strauss Assocs., 2012 U.S. Dist. LEXIS 183249 (D.N.J. Dec. 19, 2012).

### B. Consent

Next, the Court will consider whether the removal was procedurally defective. Defendants have an exclusive right to remove a case from state to federal court. 28 U.S.C. § 1441(a). Pursuant to Section 1446(a), defendants that desire to remove a case are required to file a notice of removal. Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). It is well established that all defendants must consent to the removal, and that "the failure of all defendants to remove creates a defect in removal procedure within the meaning of § 1447(c)." Id.; see also Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition."). This is known as the "Rule of Unanimity." See Lewis, 757 F.2d at 68 (stating that the rule of unanimity requires that "when there is more than one defendant, all must join in the removal petition").

There are three exceptions to the rule of unanimity: (1) a non-joining defendant is an unknown or nominal party; (2) where a defendant has been fraudulently joined; or (3) a non-resident defendant has not been served at the time the removing defendants filed their petition. Balazik, 44 F.3d at 213. Failure to comply with the rule of unanimity constitutes a procedural defect. See id. at 209 (referencing Johnson v. Helmerich & Payne, Inc., 829 F.2d 422, 423 (5th Cir. 1990) (stating that the failure to join all the defendants in a removal petition is not a jurisdictional defect)).

Pursuant to the rule of unanimity, in order to perfect removal all defendants must consent to the removal within thirty days. Lewis, 757 F.2d at 68. Although this unanimity requirement does not require "each defendant to sign the actual notice of removal, courts generally require each defendant [...] to provide 'some form of unambiguous written evidence of consent to the court in a timely fashion.'" Burns v. City of Hoboken, No. 10-

5754, 2011 WL 2881311 at *2 (2011 D.N.J.) (citing Michaels v. New Jersey, 955 F. Supp. 315, 321 (D.N.J. 1996)). Further, the removing defendant may not submit consent to the court on behalf of non-removing defendants. Id.

In the instant matter, aside from the Rockland Defendants' blanket statement that "all known Defendants consent to removal[,]" there is no unambiguous written evidence of TFS's consent filed before the thirty-day period required by 28 U.S.C. § 1446(b) expired. (See Notice of Removal at ¶ 10, ECF No. 1). TFS did not sign the Rockland Defendants' Notice of Removal, did not file its own notice of removal, and did not file any letter advising the court of its consent. While the Rockland Defendants argue that TFS's Notice of Appearance is equivalent to unambiguous written evidence of consent, this Court disagrees. (D. Br. 13, ECF No. 13). Other courts in this circuit have refused to infer consent from a party's filing of an answer. See, e.g., Estate of Dean v. New Jersey, 2012 WL 1900924, at *3 (D.N.J. May 24, 2012) (declining to infer affirmative consent to removal from defendant's answer filed within thirty-day period); Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D.Pa. 1995) (holding that "a party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal"); Peter Holding Co. v. Le Roy Foods, Inc., 107 F. Supp. 56, 57 (D.N.J. 1952) (refusing to construe a protective answer and cross-claim as consent to removal). Accordingly, this Court will not infer consent from the mere filing of a notice of appearance. See id.

While the Court understands that TFS communicated its consent to removal to the Rockland Defendants before the thirty-day period had expired, this consent was not communicated directly to the Court as required for proper removal. Had the email communicating TFS's consent to the Rockland Defendants been attached as an exhibit to

the Notice of Removal or filed in support thereof before the thirty-day period had expired, the Court would have accepted it as unambiguous written consent. However, because this writing was not filed within thirty days, the Court finds that the rule of unanimity is not satisfied.

Finally, the Rockland Defendants argue that, even if TFS's Notice of Appearance does not constitute proper consent, the Court should nevertheless permit defendants to cure this procedural defect. Courts have discretion in determining whether to allow removing defendants to cure procedural defects by amending their notice of removal. See Burns, 2011 WL 2881311 at *3. Such amendment is permitted when it "serves the interests of justice or judicial economy." Id. However, absent extraordinary circumstances, permission to amend is unlikely. Id. In Michaels, the court allowed the defendants to amend their notice of removal to cure a procedural defect; however, the instant matter is distinct from Michaels in two important ways. 955 F. Supp. 315. First, the only party challenging the propriety of removal in Michaels was a nominal party that lacked standing to do so. Id. at 322. Second, at the time Michaels was decided there were no published opinions by any court in this district that addressed the issue of whether a formal writing is necessary to satisfy removing defendants' joinder obligations pursuant to 28 U.S.C. § 1446. Id. Considering the multiple opinions in this circuit since Michaels that have discussed the rule of unanimity and the written consent requirement, and the fact that this case is still in a relatively early stage of litigation, the Court finds that there are no exceptional circumstances present that warrant an amendment to the Notice of Removal. See, e.g., Burns, 2011 WL 2881311.

In sum, the Court finds that the rule of unanimity is not satisfied because TFS did not adequately communicate its unambiguous written consent to the court as required. In addition, the Court further finds that there are no extraordinary circumstances that warrant an amendment to the notice of removal. Considering all of the above, the Court finds that a determination regarding the alleged agreement between TFS and Plaintiff to remain in state court, or TFS's alleged failure to disclose, is unnecessary. In light of Defendants' failure to abide by the rule of unanimity, the Court recommends that the action be remanded to state court. See, e.g., Burns, 2011 WL 2881311.

## IV. CONCLUSION.

It is the recommendation of this Court that Plaintiff's motion (ECF No. 9) to remand be **granted**, and that this matter be remanded to the Superior Court of the State of New Jersey, Bergen County, Law Division, pursuant to 28 U.S.C. § 1447.

Joseph A. Dickson, U.S.M.J.

cc: Honorable Esther Salas, U.S.D.J.